Case number 23-5624, United States of America v. Stanford Ray Coleman. Oral argument is not to exceed 15 minutes per side. Adam Murphy for the appellant. You may proceed. Good morning. Good morning, Your Honors, and may it please the Court. Adam Murphy on behalf of the appellant, Stanford Ray Coleman. It is my great privilege to introduce Coleman Powell, recent graduate of the NYU School of Law, who will be presenting oral argument this morning under our supervision. Very well. Good morning, Mr. Powell. Good morning, Your Honors, and may it please the Court. On behalf of Stanford Coleman and Powell, I would like to reserve three minutes for rebuttal. Very well. And in the sake of time, I will be arguing the second responsibility issue in our brief, the sentencing disparity between co-defendants in the brief and the special conditions of release. And I'd like to begin with issue one in our brief, the acceptance of responsibility issue. So this Court has held that Kaiser applies of equal force to the sentencing guidelines. And under that framework, the plain text of those guidelines controls. So in terms of these acceptance of responsibility issue, the fact of the matter is that there is no categorical ban on demonstration of acceptance of responsibility for people who went to trial. The plain text contains no such language. Well, what does that mean? What does it mean to clearly demonstrate acceptance of responsibility? Yes. So demonstrate acceptance of responsibility, I think in terms of demonstrate, that's going to look at a combination of conduct and words. And because of that, it's going to be a more factual determination. And then acceptance of responsibility is just acknowledging that you've done something wrong and taking account for that thing. If we parse that, what does clearly mean? So it's not just acceptance of responsibility, which you've just described accurately, but what is clearly? I think, again, Your Honor, that that would be sort of a factual determination. And the crux of the issue in this case is. . . Why is that? No, I'm not asking. . . I'm asking what it means. Let's not talk about this case. Let's talk about how should we view clearly accept responsibility. In other words, what is the work clearly is doing? What do you have to do to clearly accept responsibility? I think it could look like any number of things. I think it could look like actually saying that what I did was wrong. So could you do it at any time? So clearly it just means you have to be clear when you do it, so you could do it as your client did well after trial and sentencing? I think so because the Supreme Court has held that resentencing can create different procedural opportunities. And that's what happens here. We're not saying that, as a factual matter, Mr. Coleman is entitled to acceptance of responsibility. We're saying that the district court failed to recognize the scope of its authority here. I mean, considering that issue and looking at the record, they're sort of construing it to be that because Mr. Coleman went to trial initially, there's no authority to actually consider that issue. It seems like he was looking at everything, right? Right. So obviously your client at the trial sort of put on the sovereign citizen defense, which is, in my mind, he's contesting the facts of the case. Went to sentencing the initial time, still not, at least in my mind, not accepting responsibility. And we don't get to him sort of acknowledging wrongdoing, at least until maybe 2022, which is when he files the pro se compassionate release mote. That's probably the earliest time. So how, based on that sort of timeline where we have at least four years where he's done nothing but contest the case, how do we get to your client has proven that he's clearly demonstrated that he's accepted responsibility? Well, I think, again, I would point back to the sort of difference in procedural opportunity here. In the five years since Mr. Coleman's original sentence, you know, he's disavowed the sovereign citizen arguments and he's sort of taken full account. You see that in the sentencing memo. You see that sort of in the record. Doesn't that seem like sort of post sentencing rehabilitation rather than acceptance of responsibility? I think that you're able to consider post sentence rehabilitation and considering that issue when here we're at resentencing five years later after the actual sentence. I mean, the district court here did consider post sentencing rehabilitation. He talked about it. He cited Pepper. He talked about the mitigating factors. This to me seems different in kind than Pepper post sentence rehabilitation. You're saying one is you could not accept responsibility and still get credit for mitigation under Pepper. Those are two different things. Whereas here, what you're saying is the district court clearly erred in essence when it concluded he did not accept responsibility. Or the district court erred from a legal provision when he didn't understand that he could give acceptance of responsibility. But it seems to me the district court discusses when he says there's no authority, you say in your brief at one point, although you acknowledge this sentence later, you say, look, the district court didn't understand he had the authority, but that's not really what he said. He said the matter was resolved on a factual determination by the jury. And under those circumstances, there's no authority under the guidelines or the application notes. So he's saying no authority under the application notes. He's clearly right about that. We can discuss Havis slash Kaiser slash all that. But then the second part of it is there's no authority under the guidelines. So he is too looking at the guidelines and making that determination. And then he goes through and discusses it. And he says, but other provisions of the application notes, then he discusses that. And then he discusses how your client throughout the years contested every issue all the way through appeal. And only now, after he's lost everything, does he accept, does he say, OK, my bad. And so it seems to me if we were to give acceptance of responsibility here, it would open a can of worms where in every case a defendant, after all that is done, could accept responsibility and then claim he's entitled to it. Your Honor's point is well taken. I would agree that in the lion's share of cases, it may be that someone is not able to demonstrate acceptance of responsibility. But I think here, in terms of the legal issue that the district court made, a lot of that language, I would interpret that as speaking towards the 3553A factors, like characteristics and different things like that, as opposed to actually looking. But here he's doing, this is page 8 of the transcript, 7 and 8, where he's discussing exactly, he is discussing the request for acceptance of responsibility under the guidelines. He's not going to the 3553A factors. Judge, I would say that that language is sort of bound up in the logic of because Mr. Coleman went to trial, he's categorically banned from being able to get acceptance of responsibility. But that's, I mean, the district court says there are circumstances under which a defendant may proceed to trial and still receive credit. I mean, the district court's parroting our case law. That's the other thing. It's hard to say legally here when he's following our published case law. You know, I would still point to the record and say that when you say there's no authority under guidelines or the application note, that is because they're construing that application note to add a material trial exception that doesn't exist in the plain text. And that's what is the error as a matter of law. The plain text controls, you know, under Kaiser, Riccardi, Havis, that sort of line of cases, and you can't add a substantive rule that hasn't been subject to congressional approval or any of those sort of things. And that's why it's important that these sort of commentary guidelines be used merely to interpret and not have their own independent force of law or add these substantive things. Let me see. Unless you all have more questions regarding the acceptance of responsibility issue, in the sake of time I might pivot to the co-defendant sentencing disparity issue. What would be your remedy as to the alleged error as to the acceptance of responsibility? A remand to the district court for him to redo it? Yes, we'd ask for a limited factual remand to consider the acceptance of responsibility issue for the first time. You don't think that he made enough factual findings? I mean, if it's just a legal issue, why couldn't we decide it here on appeal? Why would we need a remand? I think because it's unclear from the record what exactly the district court was relying on. Don't we have all the facts before us? I mean, what factual adjudication is necessary on this that we can't do up here? I think the record also shows Mr. Coleman's spotless Bureau of Prisons record and being assessed for a low risk of recidivism and things to that nature. Does that go to acceptance or does that go to mitigating factors? I think for Mr. Coleman it's bound up in his acceptance. He had to take account for everything that had happened in order to be on the path that he's currently on. So in terms of the co-defendant sentencing disparity issue, I want to begin by sort of talking about the actual error here. So the defense counsel raised the disparity issue twice here. First, sort of as an initial matter, and when he raised it that first time, the district court said that that is a nationwide issue. And you can apply for the record that that's the reason that it wasn't considered. And after the district court says that, the counsel at resentencing raises the issue again and asks that it be looked at particularly as it pertains to Mr. Coleman. And after that is raised, the district court doesn't really address that particular argument. All we have there is yes, sir, which does not indicate that the argument was actually addressed. Typically, if the argument for a lower sentence around defendant sentencing disparities isn't raised affirmatively, a judge may or may not consider that in terms of the nationwide issue. That's correct. But here, a particular argument was made for a lower sentence. And I would just point to United States v. Richardson, which you cite in our brief, which says where a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered a defendant's argument and the judge explained the basis for rejecting it. And I don't think we have that here. We just have yes, sir. He said we should look to a nationwide. Your client argued for compare me to the co-conspirator. The judge says 3553-86 requires us to look nationwide. Doesn't that suggest that he's addressing your client's argument and rejecting it by using a nationwide sort of comparison rather than with his co-conspirators? I think that when you look to the record, you see that the counsel at resentencing raises again and clarifies that I understand that typically it's looked at as a nationwide disparity issue, but I would ask that you look particularly at Mr. Coleman and his co-conspirators. And that is an articulable argument for a lower sentence. Here, I mean, here that just—I mean, if I was a sentencing judge, I would say there is no way I'm going to sentence this defendant who challenged the jurisdiction of the court and fought every factual issue all the way up versus defendants who pled, cooperated, and testified. I mean, there's just no similarities. And the reason we look at nationwide and why our court constantly says the appropriate metric is nationwide is you don't—you have to look at people with similar criminal history. You have to look at all those things factor in to 3553-86, which is why throughout the country courts say that relates to a nationwide. And, of course, you can consider that. But under 3553-86, he was perfectly fine to say, look, no. Which is he's like, I understand your argument, and no. Yeah, I think the type of record that Your Honor just made is precisely the type of one that we don't have here. And that's— I'm pretty confident that Judge Reeves would make that same record if we sent it back. But I'm also confident in looking at what he said that this is tough to overcome. He knows the law. He points out the law and says it's not related to individual defendants. And I just gave you an example as to why. Because there are individual defendants in the same case. They are in uniquely different postures. I would say that, you know, the resentencing counsel brought up the argument again in more particularity, specifically for Mr. Coleman. And there isn't that kind of record there. There is only, yes, sir, that's all that we see. And I think given sort of the level of disparity between the co-defendants, more on the record might have been merited. But Your Honor's point is well taken. All right. Any further questions for Mr. Powell at this point? All right. You'll have your three minutes rebuttal. Good morning. Good morning to the Court and to counsel. I'm Andy Smith on behalf of the United States. Before addressing just a couple of the particulars of the appellant's argument, I did want to step back and just remind the Court of a big picture issue here. As you know, this entire appeal is about sentencing. And what the district court did below was sentence the defendant to the upper end of the guidelines after the defendant asked in his sentencing memorandum at resentencing to be sentenced to the upper end of the guidelines. And I point that that's at page 1917 on record number 199. Specifically, the defense says a sentence at the upper end of the guidelines will deter defendant and will give recognition to the defendant's post-sentencing rehabilitation, which of course is the entire thrust of the appeal here. So the defendant got essentially exactly what he asked for and now alleges error, which is something that – I think his position is that the guidelines should be different. If he got two points for a sentence of responsibility, it would be a lower guideline. Certainly. Higher end would be like 137. Certainly on the first issue. On the second issue and the remainder, I think he's still kind of quibbling whether he got appropriate credit for mitigation, for instance, and whether he should have somehow got the lower range. But the point is that idea of kind of getting what you asked for is actually very relevant on that first issue with respect to acceptance of responsibility. Because below, the way that the sentencing kind of colloquially on this issue worked is in the sentencing memorandum and then again in counsel's comments, they affirmatively invoked the application notes. Because of course, the plain language doesn't necessarily say, hey, you can still go to trial and sometimes get credit. But the application notes do contain that allowance and they thought that was a good thing for the defendant. So they attempted to evoke it. Said, that's to our benefit. Judge Reeves appropriately looked at that. He looked at the plain language of the guidelines and then to the commentary, actually kind of looking for a reason, saying there's just not a basis here. Judge Thapar, I think you said it exactly right. That the holding below wasn't Judge Reeves saying, hey, I'd love to look at this, but my hands are tied. I don't have authority. He looked at it and said, there is no authority when I look at the guidelines, the plain text, when I look at the commentary, and he reviewed a number of different application notes. And of course, under this court's binding precedent, it's held time after time that ordinarily when you go to trial, factually contest guilt, which is, Judge Mathis, what he did here, he did more than just raise sovereign citizen arguments. He got up and said, all these co-conspirators are going to testify. You shouldn't believe them. He gave a closing argument. He factually contested the case all the way through. And under those circumstances, it's only logical that no one would construe clearly demonstrating acceptance responsibility to include a defendant who does all of that. On just a couple other quickish points on acceptance. Are there any circumstances, again, commentary aside, are there any circumstances where a defendant could do that, challenge the facts, and later be eligible or prove that he has clearly accepted responsibility? Well, I mean, as this court has repeatedly said, and it's admittedly looking at the commentary, but I think logically so, you could envision situations where you go to trial, if you have a suppression issue, a constitutional challenge to the statute. There are reasons you might be doing things that we wouldn't say are inconsistent with clearly demonstrating responsibility for your actions, but still thinking that, hey, I have a, just as a legal matter, I have a valid argument to raise. And if you're looking at that defendant, you say, that person still has accepted what they did. So is the on-off switch factual versus legal? I think it's, with sentencing determinations, it's always a factual, not always, but frequently. No, no, my point is contesting guilt. So back to what you just said. Is the United States' position that if at trial, you are trying to preserve a constitutional argument, which arguably you could plea and do, or a jurisdictional argument, which you probably should go to trial on, because the United States is probably not going to agree to an appeal on a jurisdictional issue. So if it's that, the gun didn't travel in interstate commerce or whatever, is that something where you could get acceptance? You admit, yeah, I possess the gun, yes, I'm a felon, but the gun didn't travel in interstate commerce. Sure. I mean, I think that would still probably be somewhat factually dependent on how clear the proof is. Would that be kind of a frivolous challenge? Assume there's really overwhelming evidence on that point and you're still fighting about it. A judge could look at you, as a defendant, and say, you're still not clearly demonstrating acceptance or responsibility. But to answer your question, I do think that the government would take the position, which is what this Court has long instructed, that there may be circumstances where you could go to trial in specific circumstances and get acceptance. But back to the point, in those cases, we were relying on the commentary. And I guess if you're just strictly interpreting that, your point is, well, wait a minute, they relied on the commentary below because they wanted this exception. Without the commentary, it may be worse for defendants. And I'm just trying to understand, without the commentary, where is the line? Sure. I do think that it will be a fact-driven inquiry. It always is. And this is why we defer to sentencing judges, because they sit through the entire record and they get to put eyes on the defendant and look at them and say, is this person truly contrite? Have they, not just with words, but with actions, have they demonstrated responsibility? What's our standard review as to that issue, then? Well, it's clearly erroneous with respect to that factual determination. As we said, we think actually plain error applies if you are engaging in a legal question. But, again, I don't actually think you need to get to that legal question because it's not what the judge below actually held. They premised it as the Court said, held as a matter of law, I don't have authority. For the reasons Judge Tappar already accurately summarized, I don't think that's what the judge said below. But even if he did, again, that is not something they affirmatively invoked. It almost sounds more like invited error. We didn't argue that. But it certainly at best would be plain error, because they affirmatively said you should apply the application. And now we're saying it was error to do that. And, again, just I don't know if the Court wants additional commentary on the Kaiser factors and all of that, but I think the takeaway for the Court from the government's perspective is either way, whether you think that the plain language of the commentary or the plain language of the guideline is ambiguous or not, the government would win in this case. Because, again, under the plain language, I just think, stepping back, I cannot say on this record with what this particularly defendant did clearly demonstrated acceptance responsibility under any permutation of the language that's used in the plain language of the guideline. And then, of course, if you were to look at the application notes, those don't unfairly add to that they explain. They're consistent with the background section of the guidelines, which also emphasize timely accepting responsibility, timely taking these steps, which is, of course, logical for anybody when we think about somebody accepting responsibility. Briefly on the disparity point, I did want to just correct one item. The counsel said that in the colloquy with Judge Reeves, if you step back on what happened in the argument below, counsel began making his 3553 arguments to the Court, and he raised the sentencing disparity with co-defendants, and Judge Reeves appropriately interjected, especially since they were talking, it seemed like, about the 3553 factors and said under 3553A6, that's talking about national disparities. Of course, that's an accurate statement of the law. This Court has repeatedly said that and admonished litigants about that. So it can't be error for a court to interject and correctly state the law. The counsel said that after that point, the defense counsel brought up the argument again with kind of more particularity or specificity. It's not really what happened. He just responds after Judge Reeves says the Sixth Circuit indicates that we look to national disparity. Defense counsel said, well, I would ask the court to consider that issue also with respect to Mr. Coleman and respect to his sentence in this case, seemingly saying, well, okay, you've kind of corrected me about what the actual standard is, so please look at that, the national disparity, too. I don't think he raised it with more particularity. Again, in context and reading the entire sentencing transcript, the court clearly looked at all the 3553A factors. He gave due deference to counsel's argument. He gave good consideration to what he thought were the most important considerations, which with this particular defendant clearly included his course of conduct through trial, his criminal history and characteristics, his repeated drug dealing, especially when it happened relative to prior arrests. All those things were proper for a defense. I guess what his argument is is he says we would like the court to consider disparity in the sentences in this particular case. The remaining members of the conspiracy are out and free. Then Judge Reeves interjects. Then he says, well, I ask you still to consider the issue with respect to... I agree he's vague, but let's just assume the issue he's referring back to is vis-a-vis the other defendants being out and free. Why shouldn't Judge Reeves do more? I take the yes, sir to be responding to that but also responding to the request for the RDAP because that's kind of what he does next. Admittedly, it says yes, sir, so I can't quibble too much with what exactly that means. But I do think, A, from his kind of interjection, it's very clear that the court's paying attention, he's listening, he's acknowledging the arguments. I do think a fair reading of what happens there is they raise the co-conspirator disparity and he interjects to say, I don't think that's the right thing to think about. I think what the right thing to think about is what the Sixth Circuit tells us to think about, what the statute tells us to think about, and that's nationwide disparities. It's why we have the guidelines. So I don't think that can be error. Even if there's some argument about he didn't address it enough, there is a lot of discussion in case law in this court. For instance, in the United States v. Allen, a sentencing judge isn't required to explicitly address every mitigating argument a defendant makes, particularly when those arguments are only raised in passing. So again, the significance of the argument and how much time a court should spend on it should be given some deference by this court. Again, this court has been careful not to be overly prescriptive with saying, here's what a district court must say at sentencing. Again, there's a case law that says they're engaged in discretion, not ritual. Here, the court got it right. He accurately cited the law and shouldn't be penalized for that. If there are any other questions on issue, I'd be happy to address it. Any further questions? With that, we'd otherwise set our brief. Thank you. All right, thank you, Mr. Smith. Three minutes rebuttal, Mr. Powell. I'd like to make three or four quick points. So in terms of this, we're not saying that the district court can never look to commentary. We're just saying that to the extent that the commentary are inconsistent or add substantive rules like a trial requirement or some sort of temporal requirement when we're looking at acceptance of responsibility, that that should not be given any independent force of law, and that is an error as a matter of law, and that impacted the scope of discretion that the district court looked at when considering the argument that was raised by Mr. Coleman. Can I ask you about on the acceptance of responsibility, your friend on the other side sort of suggests that once the judge says, I have no authority under the guidelines and under the commentary to give acceptance of responsibility, that it's incumbent on counsel, the defendants, to sort of object to that sort of statement about the lack of authority. Is that preserved in the record, or are we looking at that under plain error? Yes. So while it's our position, it's our position that both the acceptance of responsibility issue and the sentencing disparity issues are preserved because they're raised by counsel affirmatively on the record multiple times. I know you asked for giving acceptance of responsibility. The judge then responds and says, at least your argument is he says, I don't have the authority under the guidelines or under the commentary to do so. Is it then incumbent on the defendant to object to the judge's supposed position that he lacks authority? I would say that functionally the argument and the objection here are the same. He's asking for the credit. The judge says he's not going to give it to him, and that creates the same sort of outcome here. So for that reason, I would say that it's preserved. I don't think that Mr. Coleman was required to re-raise those issues even after Bostick, and I would point to United States v. Bonner, which sort of clarifies that the point of the question, the Bostick question for preservation purposes, is not to require counsel to repeat objections or worse to undo them, but to give them one last chance to preserve the issue. So when Mr. Coleman's counsel made that argument about the acceptance of responsibility issue, we would say that that issue is preserved. If you think he made a legal error in the sentencing, isn't that what Bostick's all about? In other words, I get your point that he preserved the objection to not applying acceptance of responsibility. Let's say if in not applying acceptance of responsibility he just gets it flat out wrong as to the law. Don't you have an obligation then under Bostick to object? That's different than Bonner where we talked about, yeah, you raised it, he rejected it. There's no error. Your beef is with him rejecting it. It may be legal, it may be factual, it may be the combination under Buford et al. But regardless of that, if at the end you think he made a legal error, he didn't understand the law at some point, don't you have an obligation affirmatively to raise it if you haven't raised it before? Well, Your Honor, I would say that we preserve claims, not necessarily the specific arguments. No, no, I totally agree with that. That is a correct statement of law. The city of Escondido talks about it in the Supreme Court. We've talked about it repeatedly. What I'm saying is there's a factual argument and there's a legal argument. We all agree on that. Factual argument, he rejects. Okay, your beef with that, Your Honor, appeal, clear error. We all agree on that. Legal argument, he just flat out, I'm not saying he did this, but assume the judge flat out gets the law wrong. Don't you under Bostick at that point have an obligation to notify the judge that he's made a legal error such that he can correct it? And if you don't, isn't it plain error? So I would say that even if Your Honor doesn't think that Mr. Cuomo's counsel raising the argument affirmatively is in line of honor, which is our position, I would say you can still look to sort of a later part of the record where counsel resentencing is objecting to the actual top of the guidelines range sentence that they have because there is some back and forth about what the guidelines range actually should be. And one point I really want to make is that as a factual matter, Mr. Coleman did not necessarily get what he was asking for. He was asking for a guidelines range sentence that would have been lower if there was acceptance of responsibility granted. We agree with that.  So, you know, with that in mind, like the acceptance of responsibility issue and the sentencing codisparity issues are like two of the major arguments for a lower sentence that are made here. So I think that they, you know, have to be preserved in terms of the sort of scope and importance of that argument and the record supports that. All right. Thank you, Mr. Powell. Any further questions? No, thank you. All right. I'd like to thank you, Mr. Powell and Mr. Murphy for accepting this case pursuant to the criminal justice act. And you've done an admirable job of representing your client. Thank you.